

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Thomas Jack McNinch

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.   Head of Safety-Officer Spur
Associate Warden - Mr. Furnell
Warden - Hemmingway
Bureau of Prisons Director-
Mr. Carvajal

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case: 4:21-cv-12671
Judge: Davis, Stephanie Dawkins
MJ: Ivy, Curtis
Filed: 11-15-2021 At 03:48 PM
PRIS THOMAS MCNINCH V SPUR ET AL (SS)

Jury Trial:   ☑ Yes   ☐ No
*(check one)*

# Complaint for Violation of Civil Rights
## (Prisoner Complaint)

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

**In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis.***

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name          *Thomas Jack McNinch*

All other names by which you have been known:

_____

ID Number          *15902-041*

Current Institution     *Fort Worth Federal Medical Center*

Address          *P.O. Box 15330*

*Fort Worth, TX  76119*

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name          *Mr. Spur*

Job or Title     *Head of Safety*
(if known)

Shield Number     *unknown*

Employer          *B.O.P. Federal Correctional Institution*

Address          *P.O. Box 1000*

*Milan, MI  48160*

☑ Individual capacity          ☑ Official capacity

2

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

Defendant No. 2

Name _Mr. Furnell_

Job or Title
(if known) _Associate Warden_

Shield Number _unknown_

Employer _BOP - FCI MIlan_

Address _P.O. Box 1000_
_Milan, MI 48160_

☑ Individual capacity ☑ Official capacity

Defendant No. 3

Name _Mr. Hemmingway_

Job or Title
(if known) _Warden_

Shield Number _unknown_

Employer _B.O.P. FCI Milan_

Address _P.O. Box 1000_
_Milan, MI 48160_

☑ Individual capacity ☑ Official capacity

Defendant No. 4

Name _Mr. Carvajal_

Job or Title
(if known) _Director of the Bureau of Prisons_

Shield Number _unknown_

Employer _Bureau of Prisons - Washington_

Address _320 1st St. NW_
_Washington, DC 20534_

☑ Individual capacity ☑ Official capacity

3

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☑ Federal officials (a *Bivens* claim)

☐ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

*N/A*

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

The to be free from the infliction of cruel and unusual Punishments as guaranteed by the Eighth Amendment, Violation of the Eighth Amendment Rights has been found when there is an intentional denial of needed safety equipment or when a prison officials' conduct indicates deliberate indifference to the safety of prisoners.

Also, the Fourteenth Amendment - Right to do process - Prisoners right to be free from an abuse of discretion on the part of prison administrators, protection from unconstitutional administrative action, protection of a prisons life and health from administrative action,

4

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. All defendants involved acted with Deliberate Indifference. The very fact that they all know an injury may be possible because there are no ladders on the bunk beds yet they do nothing to address the risk of serious harm is Deliberate Indifference. The standard embodies both an objective and a subjective prong. First the alleged deprivation must be, in objective terms, "sufficiently serious" Second, the charged officials must act with a sufficiently culpable state of Mind. Deliberate Indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm. More specifically, a prison official does not act in a deliberately Indifferent manner unless that official knows of and disregards an excessive Risk to prisoner health or safety & the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must also draw the inference. "How can they assume injuries would not be possible without ladders?

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced state prisoner

☑ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

*N/A*

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose. The injury happen Dec. 19th, 2020 at approximately 11:00pm. In the special Housing unit (sHu) at the Federal correctional Institution at Milan, Michigan.

C.    What date and approximate time did the events giving rise to your claim(s) occur?

December 19th, 2020 at 11pm

D.     What are the facts underlying your claim(s)?  *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

On Dec. 19th, 2020 while being housed in the special Housing Unit at FCI Milan, Michigan at approximately 11pm I was attempting to climb off the top bunk to use the bathroom when (because of no ladder) I slipped, fell and fracture the 1st, 2nd and 3rd Tarsometatarsals. On Jan. 26th, 2021 I had surgery to install 6 screws to repair my foot. I'm not claiming that other than skipping my pain medications that anyone did anything wrong after the injury. I'm claiming that the wrong doing is the fact that there are no ladders on the bunks in the first place. In order to get up to or down from the top bunk I was forced to either clear about a 2 foot gap to reach the sink/toilet combo and use it to climb down or a 1 foot gap behind me and use the bars at the front of the cell. To me neither of these options is safe but it was all I was offered.

The simple fact that there is no policy in place that requires that ladders be on the bunks puts every inmate in danger every time he or she is forced to get in and/or out of a top bunk. I'm sure I'm not the first and doubt that unless a policy is put in place that I will be the last to be injured.

I'm still in pain everyday and just received a lace-up Brace/support to wear. There is a good chance that a future surgery will also be required to either adjust or remove the screw from my foot. A surgery I feel I should not be required to pay for since I should be released in the next year or so.

7

# Medication Administration Record

January 2021

| Medication Orders | Time | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ord. Date 01/26/21 14:11 — Fateh Hyder, Syed Regional **Take two tablets by mouth three times daily for 3 days ***pill line*** ***crush/empty*** Post surgical repair** | 0630 | | | | | | | | | | | | | | | | | | | | | | | | | | | 2 SEW 08:07 | | | | |
| Exp. Date 01/29/21 14:10 | 0700 | | | | | | | | | | | | | | | | | | | | | | | | | | | 2 PLH 07:34 | 2 LFB 09:53 | 2 LFB 07:05 | | | |
| | 1500 | | | | | | | | | | | | | | | | | | | | | | | | | | | 2 JMF 13:48 | | | | |
| MIL 172515-MIL — Acetaminophen/Codeine 300/30MG Tab UD | 2000 | | | | | | | | | | | | | | | | | | | | | | | | | | 2 JMF 18:10 | 2 CRW 18:05 | 2 CRW 18:20 | | | |

## Medication Administration Record

January 2021

| Rx#: | | Pill Line Date: | PillLine: | Provider: | Entered Date: | Comments: |
|---|---|---|---|---|---|---|
| 172515-MIL | | 01/27/2021 | Clinic Pill | SEW | 01/27/2021 08:09 EST | Given at 820 am |
| 172515-MIL | A | 01/27/2021 | Pill Line 1 | PLH | 01/29/2021 09:57 EST | this writer did not administer Tylenol #3 to this inmate on this date-error |
| 172515-MIL | | 01/28/2021 | Pill Line 1 | LFB | 01/28/2021 09:54 EST | medication delivered/administered in unit at 0910. |
| 172515-MIL | | 01/29/2021 | Pill Line 1 | LFB | 01/29/2021 08:17 EST | delivered/administered in unit at 0705 |

Providers: CRW = White, C. | PLH = Hernandez, P. | SEW = Weaver, S. | JMF = Fleenor, J. | LFB = Battle, L.

Documentation Codes: ORD = Order

Pt. Name: MCNINCH, THOMAS
Registration #: 15902-041    DOB: 03/01/72

Allergies:No Known Allergies

Report information is current as of the date and time of printing: 03/25/2021 12:47 EST

Providers: CRW = White, C. | PLH = Hernandez, P. | SEW = Weaver, S. | JMF = Fleenor, J. | LFB = Battle, L.

Documentation Codes: ORD = Order

Registration #: 15902-041    Pt. Name: MCNINCH, THOMAS

DOB: 03/01/72
Report information is current as of the date and time of printing: 03/25/2021 12:47 EST

01/13/21 09:45:24 Trinity Health    ->               RFConnect Prod      Page 002

15902-041

McNinch, Thomas (MRN 106263094) DOB: 03/01/1972                    Encounter Date: 01/05/2021

**Contact Originally From a Different Chart**

| Action | From Patient | MRN | To Patient | MRN | User | Date/Time |
|---|---|---|---|---|---|---|
| Moved by Patient | McNinch, | 10984653 | McNinch, | 10626309 | Erin Solie | 12/21/2020 |
| Merge | Thomas | 4 | Thomas | 4 | | 10:43 PM |

**Orders Placed**

Splint Application (Resulted 1/5/2021)

**Medication Changes** As of 1/5/2021 2:56 PM

None

**Medication List at End of Visit** As of 1/5/2021 2:56 PM

| | Refills | Start Date | End Date |
|---|---|---|---|

**atorvastatin (LIPITOR) 10 mg tablet**
Take 10 mg by mouth 1 (one) time each day. - oral
Patient-reported medication

**fluticasone propionate (FLONASE) 50 mcg/actuation**
**nasal spray**
Administer 1 spray into each nostril 1 (one) time each day. Shake gently. Before first use, prime pump. After use,
clean tip and replace cap. - Each Nostril
Patient-reported medication

**omeprazole**
   **omeprazole (PriLOSEC) 20 mg DR capsule**
   Take 20 mg by mouth 1 (one) time each day. Do not crush or chew. - oral
   Patient-reported medication
   **OMEPRAZOLE ORAL**
   Take by mouth. - oral
   Patient-reported medication

**rOPINIRole (REQUIP) 2 mg tablet**
Take 2 mg by mouth at bedtime. - oral
Patient-reported medication

## McNinch, Thomas                                                    MRN: 106263094

| Office Visit | Provider: Jason Miller, NP (Nurse Practitioner) |
|---|---|
| 1/5/2021 | Primary diagnosis: Closed nondisplaced fracture of first metatarsal bone of left |
| IHA Ann Arbor Orthopaedic | foot, initial encounter |
| Specialists | Reason for Visit: Left Foot - Follow-up, Left Ankle - Follow-up |

Jason Miller, NP (Nurse Practitioner)
**Progress Notes**                                                    Nurse Practitioner

**Orthopaedic Surgery Foot & Ankle Clinic**
**New Patient History & Physical Examination**

**Chief Complaint:**
Chief Complaint
Patient presents with

- Left Foot - Follow-up
  *F/u on nondisplaced fracture of first, second, and third metatarsal bones left foot and lateral*
  *malleolus fracture DOI: 12/20/20, patient fell off bunk bed while climbing up.*
- Left Ankle - Follow-up

Printed by Aaryn Vaughan at 1/13/21 9:36 AM                          Page 1 of 4

McNinch, Thomas (MRN 106263094) DOB: 03/01/1972

**Progress Notes (continued)**

Encounter Date: 01/05/2021
Jason Miller, NP (Nurse Practitioner)
Nurse Practitioner

**HPI**: Thomas McNinch is a 48 y.o. male presenting today for ED follow-up. The patient states that on 12/20/2020 he was climbing up to the top bunk when he fell and injured his foot and ankle. The patient was seen at the SJ MH ED the same day where imaging revealed intra-articular fractures of the first metatarsal, second metatarsal, and third metatarsal. It was also noted that there were well-corticated ossicles near the lateral malleolus suggestive of remote trauma. The patient was placed in a splint and instructed to remain nonweightbearing. The patient presents for further evaluation and treatment.

**Past Medical History:**

Past Medical History:

| Diagnosis | Date |
|-----------|------|

- Acid reflux
- Asthma
- GERD (gastroesophageal reflux disease)
- Hiatal hernia
- Hyperlipidemia

**Past Surgical History:**

Past Surgical History:

| Procedure | Laterality | Date |
|-----------|------------|------|

- ADENOIDECTOMY
- MASTOID SURGERY
- TRIGGER FINGER RELEASE

**Medications:**

Current Outpatient Medications:
- atorvastatin (LIPITOR) 10 mg tablet, Take 10 mg by mouth 1 (one) time each day., Disp: , Rfl:
- fluticasone propionate (FLONASE) 50 mcg/actuation nasal spray, Administer 1 spray into each nostril 1 (one) time each day. Shake gently. Before first use, prime pump. After use, clean tip and replace cap., Disp: , Rfl:
- omeprazole (PriLOSEC) 20 mg DR capsule, Take 20 mg by mouth 1 (one) time each day. Do not crush or chew., Disp: , Rfl:
- OMEPRAZOLE ORAL, Take by mouth., Disp: , Rfl:
- rOPINIRole (REQUIP) 2 mg tablet, Take 2 mg by mouth at bedtime., Disp: , Rfl:

**Family History:**

Family History

Family history unknown: Yes

**Social History:**

Social History

Printed by Aaryn Vaughan at 1/13/21 9:36 AM

01/13/21  09:46:12  Trinity Health        ->                    RFConnect Prod        Page 004

McNinch, Thomas (MRN 106263094) DOB: 03/01/1972

**Progress Notes (continued)**

Encounter Date: 01/05/2021<br>Jason Miller, NP (Nurse Practitioner)<br>Nurse Practitioner

Tobacco Use
- Smoking status:         Never Smoker
- Smokeless tobacco:      Never Used

Substance Use Topics
- Alcohol use:            Not Currently
- Drug use:               Not Currently

**Allergies:**
No Known Allergies

**ROS:**
Review of Systems
A comprehensive review of systems was negative unless otherwise noted in the HPI.

**Physical Examination:**
Vitals:
**Visit Vitals**
Smoking Status        Never Smoker

　　　There is no height or weight on file to calculate BMI.

left Foot exam:
General:
　　　Well-appearing, well-nourished, no distress
Alignment:
　　　Neutral standing alignment  foot and ankle
Skin:
　　　echymosis and edema
Palpation:
　　　Tenderness throughout the medial midfoot
Range of Motion:
　　　Active range of motion intact throughout the toes
Sensation:
　　　Sensation intact to light touch throughout the foot and ankle
Pulses:
　　　Palpable pedal and tibial pulses
Gait:
　　　Nonweightbearing in wheelchair

**Imaging:**
No image results found.
Hospital imaging was reviewed and demonstrates intra-articular fractures of the first metatarsal, second metatarsal, and third metatarsal.

Printed by Aaryn Vaughan at 1/13/21  9:36 AM                                Page 3 of 4

McNinch, Thomas (MRN 106263094) DOB: 03/01/1972

**Progress Notes (continued)**

Encounter Date: 01/05/2021
Jason Miller, NP (Nurse Practitioner)
Nurse Practitioner

**Assessment:**
Thomas McNinch is a 48 y.o. male with a diagnosis of fractures of the first, second, and third metatarsal bones with likely Lisfranc injury

**Plan:**
-Given the location and intra-articular nature of the metatarsal fractures it is recommended that the patient undergo evaluation under anesthesia with possible Lisfranc arthrodesis. Surgery was discussed with the patient, non-operative management discussed as well. Surgical risks discussed with patient, consist of blood clots, blood clots traveling to the lung, infection, wound healing problems, nerve damage consisting of numbness and/or nerve pain, pain and stiffness, possible malunion or nonunion, and outcomes that are less than the patient's expectations including that the patient is worse than before surgery. Patient desires to proceed with surgery.
The patient is currently incarcerated. The officers accompanying him were given required paperwork. The present will get in touch with Kristen to schedule a surgery date. The patient's current splint is wet and damaged. We will place him in a new splint to day. He will remain nonweightbearing. Is recommended that the patient continue to elevate the foot as much as possible.
The patient verbalized understanding of exam findings and treatment plan. We engaged in the shared decision making process and treatment options were discussed at length with the patient.
- Follow up 2 weeks postoperatively

Jason A Miller, NP
1/5/2021

**Other Notes**                                                                 All notes

Progress Notes from Jennifer Fichera

**Visit Diagnoses**

Closed nondisplaced fracture of first metatarsal bone of left foot, initial encounter S92.315A
Closed nondisplaced fracture of metatarsal bone of left foot, unspecified metatarsal, initial encounter S92.302A
Closed dislocation of tarsometatarsal joint of left foot, initial encounter S93.325A

**Instructions**

AVS - Outpatient (Automatic SnapShot taken 1/7/2021)

**Additional Documentation**

Encounter Info:        Billing Info, History, Allergies, Eye Exams, Developmental

No questionnaires available.

# Case Information

1/26/2021

## General Information

Date: 1/26/2021  
Location: SJAA OR  
Patient class: Hospital Outpatient Surgery

Time: 1100  
Room: OR 08  
Case classification:

Status: Posted  
Service: Orthopedics

## Panel Information With CPT Code

### Panel 1

| Surgeon | Role | Procedure | Laterality | Anesthesia |
|---|---|---|---|---|
| Thomas M Hearty, MD | Primary | Left Foot Lisfranc Arthrodesis [28725 (CPT®)] 90 OK PER BRENT | Left | |
| Vandan Patel, MD | Resident - Assisting | | | |

## Diagnosis Information

Diagnosis

Nondisplaced fracture of first metatarsal bone, left foot, initial encounter for closed fracture

# Brief Op Notes

1/26/2021

## Brief Op Note by Vandan Patel, MD at 1/26/2021 12:21 PM

Version 1 of 1

Author: Vandan Patel, MD  
Filed: 1/26/2021 1:45 PM

Service: Orthopedics  
Date of Service: 1/26/2021 12:21 PM

Author Type: Resident  
Status: Signed

Editor: Vandan Patel, MD (Resident)

Cosigner: Thomas M Hearty, MD at 1/26/2021 3:53 PM

**Date:** 1/26/2021

**Location:** SJAA OR

 **Name:** Thomas McNinch, **DOB:** 3/1/1972, **MRN:** 106263094

### Diagnosis

Pre-op Diagnosis
* Nondisplaced fracture of first metatarsal bone, left foot, initial encounter for closed fracture [S92.315A]
Post-op Diagnosis
* Nondisplaced fracture of first metatarsal bone, left foot, initial encounter for closed fracture [S92.315A]

### Procedures

Left Foot Lisfranc Arthrodesis, Outpt, Single Shot Nerve Block, Small C-Arm, Zimmer Surgeon Requested 90 min
28725 - PR ARTHRODESIS SUBTALAR

**Indications:** Thomas McNinch is an 48 y.o. male who is having surgery for * No pre-op diagnosis entered *.

**Surgeon(s) & Assistant(s)**
   * Thomas M Hearty, MD - Primary
   * Vandan Patel, MD - Resident - Assisting
No surgical staff documented.

**Staff**
Circulator: Lisa M Daniels, RN
Relief Circulator: Raquel Schmenk, RN
Scrub Person: Benjamin Schauder

**Anesthesia:** * No anesthesia type entered *          **ASA:** II

**Estimated Blood Loss:** Minimal

**Drains:** * No LDAs found *
**Specimen:**

**Findings:** 1-2 TMT fusion

**Complications:**  None; patient tolerated the procedure well.

**Disposition:** PACU - hemodynamically stable.

**Condition:** stable

**Weight Bearing:** NWB LLE
**Pain:** tyl, oxy
**DVT ppx:** ASA 81
**GI:** aggressive GI ppx in anticipation of opioid-induced constipation
**Diet:** ADAT
**Wound :** splint c/d/i
**Lines:** HLIV when tolerating PO
**Activity Restrictions:** up as tolerated
Dispo: home

# Op Notes

1/26/2021

From: +17347124090    Page: 4/14    Date: 2/12/2021 2:42:04 PM

**Op Note by Thomas M Hearty, MD at 1/26/2021 12:21 PM**                Version 1 of 1

| | | |
|---|---|---|
| Author: Thomas M Hearty, MD | Service: Orthopedics | Author Type: Physician |
| Filed: 1/26/2021 1:31 PM | Date of Service: 1/26/2021 12:21 PM | Status: Signed |

Editor: Thomas M Hearty, MD (Physician)

## Left Foot Lisfranc Arthrodesis, Outpt, Single Shot Nerve Block, Small C-Arm, Zimmer Surgeon Requested 90 min (L) OPERATIVE NOTE

**Date:** 1/26/2021          **Location:** SJAA OR

**Name:** Thomas McNinch, **DOB:** 3/1/1972, **MRN:** 106263094

**Diagnosis**
Pre-op Diagnosis
Left foot Lisfranc fracture dislocation with second metatarsal base fracture, first metatarsal base fracture and third metatarsal base fracture
Postop diagnosis
Left foot Lisfranc fracture dislocation with second metatarsal base fracture, first metatarsal base fracture and third metatarsal base fracture

**Procedures**
Examination under anesthesia left foot
Left foot Lisfranc dislocation open reduction
first tarsometatarsal arthrodesis
Second tarsometatarsal arthrodesis
Intercuneiform arthrodesis 1-2

**Indications:** Thomas McNinch is an 48 y.o. male who is having surgery for Lisfranc fracture dislocation of the left foot. Patient is a prisoner and we recommended the above surgery to the patient. The patient understood risks to include but not limited to malunion, nonunion, infection, blood clots, nerve damage leading to nerve pain or numbness, bleeding, continued pain and stiffness at the foot and ankle and expectations not to the level of the patient's satisfaction. The patient still desired to proceed with surgery, preoperative consent obtained.

**Surgeon(s) & Assistant(s)**
   * Thomas M Hearty, MD - Primary
   * Vandan Patel, MD - Resident - Assisting

**Anesthesia:** general          **ASA:** II
**Regional**
**Estimated Blood Loss:** Minimal

**Drains:** * No LDAs found *
**Specimen:**

**Procedure Details:** The patient was identified in the preop holding area. All questions were answered and the patient was transferred to the operating room. SCDs were placed on non-operative side and IV antibiotics were given. A timeout was performed, site was verified and patient was positioned. Anesthesia performed  general anesthesia, the foot and ankle was prepped in standard sterile fashion consisting of a 2 step process and draped in standard sterile fashion. A secondary timeout was performed.

Exam under anesthesia with an abduction stress of the forefoot and noted significant first tarsometatarsal instability and space gapping at the Lisfranc space and notable second tarsometatarsal subluxation. With the oblique fluoroscopic imaging with stress, there is no third tarsometatarsal instability and it was decided to leave the third tarsometatarsal base fracture which was nondisplaced, alone.

The foot was exsanguinated and the ankle and the thigh tourniquet inflated.. A longitudinal incision was made over the first tarsometatarsal joint. Dissection was carried down to the EHL tendon, SPN nerve branch was protected throughout the case. Neurovascular bundle was protected as well. Subperiosteal dissection was performed under the first tarsometatarsal joint, Lisfranc space, intercuneiform joint and second tarsometatarsal joint. Joints were distracted and cartilage was removed with rongeur and curettes and the Lisfranc tissue was removed as well. The fusion sites were prepped with 2 mm drill bit holes throughout, first tarsometatarsal joint was reduced and fused with 2 crossing 3.5 cortical screws in lag type fashion. I went around the neurovascular bundle and created a window over the second tarsometatarsal joint. I then fuse the second tarsometatarsal joint with a retrograde 3.5 cortical screw in lag type fashion. I then open reduced the Lisfranc diastases and clamped inserted a 3.5 positional screw from the medial cuneiform into the second metatarsal base. I then inserted a 3.5 cortical screw in lag type pin from the medial cuneiform into the middle cuneiform. I then finally inserted a positional screw 3.5 cortical from the medial aspect of the first metatarsal into the base of the second metatarsal. I had a great reduction of the joints in good position of my hardware verified with fluoroscopy 3 views. Grafting was performed in the Lisfranc space with bone graft harvested from the drill bits. The tourniquet was deflated hemostasis achieved. Closure was done with a 3-0 Monocryl interrupted suture on the subcu layer with a running 3-0 nylon suture on the skin. Sterile dressing was applied followed by bulky postoperative splint.

**Complications:** None; patient tolerated the procedure well.

**Disposition:** PACU - hemodynamically stable.

**Condition:** stable

Patient be discharged back to the prison today. He will be nonweightbearing for 2 weeks and recommend 4 weeks of 81 mg aspirin daily for DVT prophylaxis. Patient to follow-up in clinic postop week 2 for transition to cam boot and suture removal. At that time he can heel weight-bear for short distances and start range of motion exercises. Second postop visit will be postop week 8 x-rays of the foot 3 views nonweightbearing at that visit

RECEIPT - ADMINISTRATIVE REMEDY

DATE: APRIL 27, 2021

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO    THOMAS JACK MCNINCH, 15902-041
      MILAN FCI     UNT: G UNT DRUG

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 1065583-R1
DATE RECEIVED   : APRIL 15, 2021
RESPONSE DUE    : JUNE 14, 2021
SUBJECT 1       : ADMINISTRATIVE DETENTION CONDITIONS
SUBJECT 2       :

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: APRIL 27, 2021

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : THOMAS JACK MCNINCH, 15902-041
      MILAN FCI     UNT: G UNT DRUG     QTR: Z01-113LAD

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE REGIONAL APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID       : 1065583-R1
DATE RECEIVED   : APRIL 15, 2021
RESPONSE DUE    : JUNE 14, 2021
SUBJECT 1       : ADMINISTRATIVE DETENTION CONDITIONS
SUBJECT 2       :

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

## V.      Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Fractures of the 1st, 2nd and 3rd Metatarsals which took surgery and 6 screws to fix.

I've enclosed some papers from the orthopedic surgeon that details the surgery and exactly what he did to repair my foot. There were times appointments were put off for 2 weeks but they eventually took me and there's a pain medication chart to show they skipped that also.

## VI.     Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

I would like to see a policy put in place requiring the B.O.P. to have ladders on all bunks for getting in and out of the top Bunk.

Also, I'd like $50,000.00 to cover for the injury I sustained, my pain and suffering which still continues today and probably always will. And to help cover the costs of any future surgeries to either tighten or remove the hardware from my foot.

The bases for these claims is for the very fact that had there been a ladder on the Bed my injury never would have happened and there is no possible way that a sane person could not look at the Beds, the height of the top Bunk and think that someone might get injured. "Deliberate Indifference"

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

I think so, I Believe they could have put ladders on the bunks act for that part of my grievance. As for the monetary part I filed a Federal Tort claim that they denied at the Regional level saying that I suffered no personnel Injury Due to the negligent acts or omissions of Bureau of prisons employees acting within the scope of their employment. I do not agree. The fact that a safety hazard exists and they do nothing "install ladders" to fix the hazard is Negligent in and of itself.

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

    1.    Where did you file the grievance?

I filed my original grievence, a BP229 with the warden Hemmingway at FCI Milan Michigan.

    2.    What did you claim in your grievance?

I claimed that because there were no ladders on the bunks that I slipped, Fell, and Fractured my foot. that not having a ladder was a safety hazard. I wanted to see ladders put on the bunks and I informed them I would be seeking a financial compensation for my injuries, pain and suffering.

    3.    What was the result, if any?

My claims were all denied. They said they met all "their" policies and "their" policies don't require ladders on the bunks in the special Housing unit. Every other unit has ladders though.

MIED ProSe 14 (Rev 5/16) Complaint for Violation of Civil Rights (Prisoner Complaint)

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I appealed to the Regional Director, with the same results. Then I appealed to the Office of General Counsel But it was returned to me saying it was untimely. I was transferred out of Milan, Michigan Before receiving the Regional Response thats dated 5-24-21, I was Finally given that response in Fort Worth, Texas on 8-4-21 I then did my last appeal and mailed it off on 8-15-21. They say they didn't receive it until 9-7-21 but didn't return my envelope to show a post mark with the date. My counclor is pulling

F. If you did not file a grievance:

Dates for me.

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. As I stated above the final level of exhaustion has been held up do to an issue of dates because I was transferred from the prison the injury happened at to another. My Counselor here is trying to help pull some dates to verify this and I can try again. I truely believe that nothing different will happen at that level and since the 6 months from the date I filed my Federal Tort Claim is fast aproaching I need to get this to you in the mail. I'm sending copies of everything to show I've been filing all my stuff but they have held things up from the very start. My first claim, the BP229 I'm supposed to recieve a response with in 30 day,

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

they asked for a 30 day extension. Look at those dates, it took then 3 month just for that response and 2 weeks from that date to get to me. It's all designed to frustrate and make a person give up.



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of Regional Counsel*

400 State Avenue
Tower II, Suite 800
*Kansas City, KS 66101*

May 19, 2021

Thomas McNinch
Reg. No.: 15902-041
Federal Correctional Institution - Milan
P.O. Box 1000
4000 East Arkona Road
Milan, MI 48160

Re:    Claim Number TRT-NCR-2021-03958
       Amount Claimed $ 5,000.00

       CERTIFIED RECEIPT        7017 1450 0001 7968 6651

Dear Mr. McNinch:

Your above referenced tort claim has been considered for administrative review pursuant to 28 CFR § 0.172, <u>Authority: Federal Tort Claims</u> and 28 CFR Part 14, <u>Administrative Claims Under Federal Tort Claims Act</u>. Investigation of your claim did not reveal that you suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment.

As a result of this investigation, your claim is denied. This memorandum serves as a notification of final denial under 28 CFR § 14.9, <u>Final Denial of Claim</u>. If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than 6 months after the date of mailing of this notification.

Sincerely,

Richard M. Winter
Regional Counsel

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 23, 2021


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : THOMAS JACK MCNINCH, 15902-041
      FORT WORTH ADMINISTRATIVE FMC      UNT: FTO RDAP      QTR: F07-203L
      3150 HORTON ROAD
      FORT WORTH,  TX 76119


RECEIVED
OCT 22 2021
FMC FORT WORTH
WARDEN'S OFFICE

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1065583-A1       CENTRAL OFFICE APPEAL
DATE RECEIVED   : SEPTEMBER 7, 2021
SUBJECT 1       : ADMINISTRATIVE DETENTION CONDITIONS
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  CENTRAL OFFICE APPEALS
                 MUST BE RECEIVED WITHIN 30 DAYS OF THE REGIONAL
                 DIRECTOR'S RESPONSE.  THIS TIME LIMIT INCLUDES MAIL TIME.

REJECT REASON 2: PROVIDE STAFF VERIFICATION STATING REASON UNTIMELY FILING
                 WAS NOT YOUR FAULT.

REJECT REASON 3: SEE REMARKS.

REMARKS         : IF STAFF PROVIDE A MEMO STATING THE LATE FILING WAS
                  NOT YOUR FAULT, THEN RE-SUBMIT TO THE LEVEL OF THE
                  ORIGINAL REJECTION.

1. regional response is dated 5-24-21
2. your appeal arrived on 9-7-21, 106 days later

MIL-1330.18

January 4, 2016

PAGE 8

## Attachment B/Part 2
## FCI/FDC Milan Michigan
## Department Head Documentation - Attempt at Informal Resolution

REMEDY #_____

Inmate's Name: ___McNinch_____

Registration Number____15902-041____Housing Unit___G/SHU

## TO BE COMPLETED BY THE DEPARTMENT HEAD ASSIGNED A BP-229:

1.    Briefly stated the inmate's complaint and requested corrective actions.

   Inmate complains that on 12-19-2020 while in SHU he slipped and fell trying to climb into his bed in SHU, and broke his foot. He requests financial compensation and for all beds in SHU to have ladders installed on them.

2.    Document your efforts to resolve the matter to include policies reviewed. Note any reasons an informal resolution could not be achieved.

   Unable to resolve at the Unit team level. Continue to BP-9.

Department Head Signature: _~~Jurczak~~_____Date: __1·11· 2021_____
Department Head Printed Name: ___Jurczak_____

If not informally resolved, forward this form with the BP-229 packet to the Administrative Remedy Coordinator.

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: McNinch, Thomas, J        15902-041        Fort Worth        FMC~Fort Worth
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL** I believe my injury violates both the 8th & 14th amend. 'Cruel and unusuall' punishment. Deliberate indifference also since the possability of an injury can happen because of not having a ladder to get to and from the top bunk exists yet there is a refusal to put ladders on the beds displays neglegence by the Warden, Safety and the BOP as a whole for not having a policy in place requiring ladder. My fall required surgery, 6 screws to placed in my foot and I'm still in pain everyday. I may require additional surgery(s) in the future to have the screws remared that I should not be financially responsible for. I only asked for 5000.00 in a tort Claim for pain & suffering & to help cover any future surgery(s). Also I'd like to see ladders placed on all bunks in the BOP so others don't have to go through what I've had to.

8-15-21
DATE        SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
SEP 07 2021

_____        GENERAL COUNSEL
DATE        CASE NUMBER: 1065583-A1

ORIGINAL: RETURN TO INMATE

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____        _____
DATE        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
JUNE 2002

PG 2 - Attachment for PI-7
For Thomas J. McNihch 15902-041

To make matters worse, I returned to
the Institution here on Sunday at about
05:45am with 2 different prescriptions
for pain killers yet it took 2 1/2 days,
Tuesday about 4pm before I was
finally given anything for pain. I
would like to see ladders put on the bunks
and I'll be seeking some type of
financial compensation for being injured
due to a safety hazard and for my pain
and suffering. I'm not sure how to
file a claim so my family is seeking
a lawyer.

Dec. 27th 2020                    Tom McNich

**BP-229 RESPONSE**                                    **CASE NUMBER: 1065583-F1**

Your Request for Administrative Remedy (BP-229), dated December 27, 2020, and received in this office on January 19, 2021, has been reviewed.   You state on December 19, 2020, you slipped and fell, resulting in a broken foot.   You attribute the accident to the absence of a ladder on your bed in the Special Housing Unit (SHU). You seek financial compensation for your injuries, and request to have ladders installed onto the SHU beds.

A review of the issue(s) you raise in your BP-229 has been conducted.   The Federal Correctional Institution (FCI), Milan, Michigan, and specifically its Special Housing Unit (SHU), meet all current American Correctional Association (ACA) standards.   There are no requirements for the top bunk beds in SHU to each have a ladder.   If you feel you need a lower bunk pass, you may reach out to Health Services for an evaluation for such a request.   As a reminder, exercise caution when ascending to or descending from the top bunk bed.

Accordingly, this response to your Request for Administrative Remedy is denied.   In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____                    3/26/21
Jonathan Hemingway, Warden                   Date



**Received at FCI Milan in the Institutional Mail**

**On Friday April 9th, 2021 @1500 hrs**

**D. Swetz, A/G/H Unit Counselor/** _____ cc

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: McNinch, Thomas, J   15903-041   SHU   FCI Milan, MI
　　　LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL** As I stated in my BP229 I firmly believe that a Top bunk that stands 5 feet tall should have a ladder for some-one 5 feet 9 inches tall to climb up safely to get into bed. I'm 49 years old, 48 at the time of my injury and not having ladders was clearly a safety hazard in this instance. I ended up with 3 fractured Metatarsels that required 5 screws surgically installed to fix. There is no reason with inmate labor ladders co and and should not be installed to prevent anyone else from ever having to go through what I went through as for pain and suffering. I have filed a SF95 tort claim for my injuries and pain and suffering.

4-9-2021　Please put ~~were~~ ladders on Bunks.

DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE

CASE NUMBER: 1065583 - R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
　　　LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

```
THOMAS JACK MCNINCH, 15902-041
MILAN FCI     UNT: G UNT DRUG    QTR: Z03-306LAD
P.O. BOX 9999
MILAN,  MI 48160
```

Fort Worth Unit
8-4-21

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:** 1065583-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on April 15, 2021 in which you make a request. Specifically, you request ladders be installed on all bunk beds, and state the lack of ladders presents a safety hazard.

The information presented in your Regional Administrative Remedy Appeal and the Warden's response, dated March 26, 2021, was reviewed. A review of this matter revealed that the institution beds meet Bureau of Prisons policy requirements and American Correctional Association standards. Ladders are not required under these policies and standards. You have provided no additional evidence. We found this issue has been addressed at the institutional level.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

5-24-202✗
Date

Barb von Blanckensee, Regional Director

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?



☐   Yes

☑   No

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?



☐   Yes

☑   No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1.   Parties to the previous lawsuit

   Plaintiff(s)   _____

   Defendant(s)   _____

   2.   Court *(if federal court, name the district; if state court, name the county and State)*

   _____

   3.   Docket or index number

   _____

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

4. Name of Judge assigned to your case

_____

5. Approximate date of filing lawsuit

_____

6. Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

Plaintiff(s) _____
Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

3. Docket or index number

_____

13

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐  Yes

    ☐  No

    If no, give the approximate date of disposition. _____

7.  What was the result of the case?  *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

    _____

## IX.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____, 20____.

Signature of Plaintiff      _____

Printed Name of Plaintiff   _____

Prison Identification #_____

Prison Address    _____

         _____     _____     _____
              City                  State            Zip Code

14

MIED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)

**Additional Information:** For Section IV Statement of Claims

The four Defendants I've named are the chain of command at the time of my injuries. The Best I can see it is that they are all responsible for the same thing. Not recognizing that a 5 foot high bunk bed could be a safety hazard and that someone could possibly be injured if there is no ladder. The simple fact that any ~~sane~~ sane person should be able to look at the beds and think to themselves "wow, with a ladder to get up and down someone might get hurt," and then to do nothing about it i's neglect by the very defination. Classic Deliberate Indifference.

The facts for all 4 defendants are the same, they all failed to take action to protect me from a known safety hazard and as a result I suffered a serious injury and I'm still suffering with pain and discomfort and probably always will.

Date of injury was Dec. 19th, 2020, I believe I've enclosed all supporting documents you need.

Thank You

15



Thomas McNitch
#15902-041
Federal Medical Center
P.O. Box 15330
Fort Worth, TX
76119-0330

CERTIFIED MAIL

7020 1810 0000 1243 5663

United States District Court
for the Eastern District of Michigan
Office of the Clerk
Theodore Levin United States Courthouse
231 West Lafayette N.W., Room 564
Detroit, Michigan 48226

RECEIVED
NOV 15 2021
CLERK'S OFFICE
U.S. DISTRICT COURT

RECEIVED
NOV 15 2021
CLERK'S OFFICE
U.S. DISTRICT COURT